UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60011-Civ-COHN/Seltzer

MARIE FANFAN,

    Plaintiff,

v.

PEDIATRIC SERVICES OF AMERICA, INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Amended Complaint [DE 31]. The Court has carefully considered the motion, Plaintiff's Response to Order to Show Cause of April 19, 2010 [DE 39], Defendant's Reply to the Plaintiff's Response to the Show Cause Order [DE 40], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff, Marie Fanfan (hereinafter, "Plaintiff"), is suing her former employer, Pediatric Services of America (hereinafter, "Defendant"), for discriminatory treatment on the basis of race and national origin. In response to the initial complaint, Defendant filed a Motion to Dismiss [DE 15] to which the Plaintiff responded by amending her Complaint [DE 23]. In the Amended Complaint, the Plaintiff dropped her retaliation claims under the Fair Labor Standards Act ("FLSA") and 42 USC § 1981 ("section 1981"), and left a combined claim in Count I for race and national origin discrimination under 42 U.S.C. § 1981, as well as two separate claims for race and national origin

under the Florida Civil Rights Act of 1992 ("FCRA").  See Am. Compl. [DE 30].  Plaintiff alleges she was employed by Defendant as a licensed practical nurse from 2001 and claims to have been wrongfully terminated in 2006.  Id. at ¶¶ 14,17.  Plaintiff alleges without specificity that she was subjected to continuous discrimination because of her race and national origin.

Defendant moves to dismiss the Amended Complaint in its entirety for failure to state a claim.[1]  Plaintiff opposes the motion and requests leave to file a second amended complaint in the event that this Court grants the motion to dismiss.

## II.  LEGAL STANDARD

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule

---

[1] Defendant also contends that national origin discrimination is not actionable under Section 1981.  However, because all counts are to be dismissed for failure to state a claim, the Court need not address this issue at this time.

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

These decisions did not necessarily overturn Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002), which concluded that a plaintiff alleging employment discrimination need not plead the elements of a prima facie case to survive a motion to dismiss.  In Swierkiewicz, the Supreme Court found that it was sufficient for the plaintiff to have detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved. 534 U.S. at 514.[2]

### III. DISCUSSION

Even under the more lenient standard set in Swierkiewicz, the Amended Complaint in this case is still lacking sufficient factual allegations.  In Swierkewicz, the Supreme Court stated that the petitioner's complaint had, in addition to alleging termination on account of his national origin and age, detailed the events leading to his terminations, provided relevant dates, and included the age and nationalities of some

---

[2] While some courts have held that Swierkiewicz is no longer valid due to its reliance on Conley, see Fowler v. UPMC Shayside, 578 F. 3d 203, 211 (3rd Cir. 2009), this Court will continue to follow Swierkiewicz in the employment discrimination context because neither Twombly nor Iqbal involved FCRA or section 1981 claims.

3

of the relevant people involved in his termination.  See Swerikerwicz, 534 U.S. at 514.

Although Plaintiff states that she is a black female of Haitian origin who was discriminated against on account of her race and national origin, there is no detailed explanation of alleged discriminatory actions taken by her employer, nor a range of dates for such actions.  In the Amended Complaint, Plaintiff alleges that:

> 18.  Defendant has engaged in a pattern of continuous discrimination against the Plaintiff.
>
> 19.  During the course of her employment with the Defendant, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.
>
> 20.  Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon her race.  Defendant also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.
>
> 21.  Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.
>
> 22.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

Am. Compl. ¶¶ 18-22 [DE 23].  No events or factual circumstances were provided with regard to these claims.  Plaintiff simply stated the legal components to discrimination as well as conclusory allegations without any fact specific allegations.

"A complaint consisting of nothing more than naked assertions and setting forth no facts upon which a court could find a violation of Section 1981 fails to state a claim under Rule 12(b)(6)."  Martin v. State Dep't of Mental Hygiene, 588 F. 2d 371, 372 (2nd Cir. 1978).  In Raja v. Englewood Comm. Hosp., a case cited by Defendant, the court

found that the sparse factual allegations from which to infer the defendant's discriminatory intent were conclusory in nature and insufficient -- even though more detailed than those made in this case. Raja, 2009 WL 3429805, *5 (M.D. Fla. October 21, 2009) (finding that while the plaintiff alleges certain discriminatory remarks he fails to state a claim for discrimination because he provides no details about the context, frequency or defendant's knowledge of the remarks). At no point in the Amended Complaint does Plaintiff provide any details with which to support her claims. Without sufficient factual allegations, Plaintiff has failed to state a claim for which relief may be granted under Swerikerwicz, 534 U.S. 506, Iqbal, 129 S.Ct. 1937, and Twombly, 550 U.S. 544.

## IV. CONCLUSION

In her brief response to both the Order to Show Cause and the Motion to Dismiss, Plaintiff requests that if the Court does not find Plaintiff's position sufficiently persuasive to not dismiss the amended complaint, that Plaintiff be allowed to file a second amended complaint. Pl. Resp. at p. 3 [DE 39]. Although Plaintiff has already been afforded the opportunity to file an amended complaint in response to the initial motion to dismiss, the Court will give Plaintiff one last attempt to properly state her claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 31] is hereby **GRANTED**;

2. All claims in the Amended Complaint are therefore **DISMISSED without prejudice** for failure to state a claim;

3. Plaintiff has leave to file a Second Amended Complaint no later than July 2, 2010;

4. Failure to timely file a Second Amended Complaint shall result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of June, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF